IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VICTOR PARKER,

    Petitioner,

v.                                                         CASE NO. 4:13-cv-425-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 Leon County conviction for first degree murder. Doc. 1; Doc. 7-1 at 18. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. Doc. 7. Petitioner has filed a Response. Doc. 8. Upon due consideration of the motion to dismiss, Petitioner's response, and the state-court record, the undersigned recommends that the motion to dismiss be granted.

### One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state

application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." *Id.* § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Procedural History

Petitioner's state court procedural history is as follows: Petitioner was convicted of first degree murder following his jury trial on August 12, 2005. Doc. 7-1 at 15. He was sentenced to life in prison without parole. *Id.* at 20, 23. Petitioner appealed his conviction to the First District Court of Appeal (DCA) on August 15, 2005. *Id.* at 28. The First DCA *per curiam* affirmed on May 2, 2007 without written opinion. *Id.* at 31. Petitioner filed a motion for rehearing and/or written opinion on May 17, 2007, which was denied on June 15, 2007. *Id.* at 36; *Parker v. State*, 957 So. 2d 1173 (Fla. 1st DCA 2007) (table). Mandate was issued on July 3, 2007. Doc. 7-1 at 34.

Petitioner then sought review in the Florida Supreme Court on August 2, 2007, but the case was dismissed for lack of jurisdiction the following day. *Id.* at 44, 47; *Parker v. State*, 964 So. 2d 161 (Fla. 2007) (table). *See Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980) ("[T]he Supreme Court of Florida lacks jurisdiction to review *per curiam* decisions of the several district courts of appeal of this state rendered without opinion[.]"); *Grate v. State*, 750 So. 2d 625, 625 (Fla. 1999); *Harmon v. Barton*, 894 F.2d 1268, 1272 (11th Cir. 1990). Thus, Petitioner's notice to invoke the discretionary judgement of the Florida Supreme Court did not toll the AEDPA one-year limitations period as it was not "properly filed" pursuant to 28 U.S.C. § 2244. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding "an application is '*properly* filed' when its delivery and

acceptance are in compliance with the applicable laws and rules governing filings" including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"); *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

Accordingly, Petitioner's conviction became final on October 1, 2007, upon the expiration of the 90 days he had from the issuance of the First DCA's mandate following its denial of rehearing and/or written opinion to seek certiorari in the Supreme Court.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (holding a petitioner has ninety days to seek certiorari in Supreme Court after direct review in state courts); *Kaufman v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) ("[O]ne-year limitation period begins to run on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").

On December 4, 2007 Petitioner filed a Motion for New Trial in the state circuit court pursuant to Fla. R. Crim. P. Rule 3.600.  Doc. 7-1 at 49.  However, because a Motion for New Trial must be made within ten days from the date of the verdict, Petitioner's motion was dismissed as untimely on December 14, 2007.  *Id.* at 64; Fla. R. Crim. P. 3.590(a).  Petitioner appealed to the First DCA on January 10, 2008.  *Id.* at 75.  The appeal was dismissed by the First DCA on March 27, 2008 and reinstated on April 25, 2008.  *Id.* at 118, 119.  The First DCA then affirmed *per curiam* the circuit court's denial of Petitioner's Rule 3.600 motion as untimely on September 18, 2008.  *Id.* at 121.  The mandate was issued on October 14, 2008.  *Id.* at 122; *Parker v. State*, 990 So. 2d 1066 (Fla. 1st DCA 2008) (table).  However, because the motion was rejected as

untimely by the state court, it was not "properly filed" within the meaning of 28 U.S.C. § 2244, and thus did not toll the AEDPA limitations period.  *See Artuz*, 531 U.S. at 8; *Pace*, 544 U.S. at 413.  Although Petitioner filed a number of other motions in state court,[1] they did not act as tolling motions because the limitations period had already expired.  Thus, the one-year limitations period ran untolled from October 1, 2007 until October 1, 2008 when it expired.  *See Ferreira v. Sec'y Dept. Of Corr.*, 494 F.3d, 1289, n.1 (noting that the AEDPA limitations period should be calculated using the "anniversary date of the triggering event").

Petitioner filed the instant Petition for Writ of Habeas Corpus on July 30, 2013, nearly six years after the AEDPA one-year limitations period expired.  Doc. 1 at 1.  Petitioner does not dispute that the instant habeas petition is untimely.  *Id.* at 17.  Rather, Petitioner contends his habeas petition is not time-barred because he is actually innocent of the offense of conviction.  *Id.* at 17-18.

**The "Actual Innocence" Exception to the Limitations Period Does Not Apply**

An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the Petitioner "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light

---

[1]Petitioner filed a Fla. R. Crim. P. Rule 3.853 motion on March 31, 2009 (Doc. 7-1 at 125); state petition for writ of habeas corpus on July 2, 2009 (Doc. 7-2 at 12); Fla. R. Crim. P. Rule 3.850 motion on July 2, 2009 (*Id.* at 50); Fla. R. Crim. P. Rule 3.850 motion on July 11, 2012 (Doc. 7-4 at 36); and Fla. R. Crim. P. Rule 3.853 motion on July 9, 2013 (*Id.* at 101).

of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, "the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Id.* at 332.

In the instant case, it is apparent that the evidence upon which Petitioner relies in support of his actual innocence claim is not new within the meaning of the foregoing authority. Petitioner asserts that his Fourteenth Amendment rights were violated when the State committed an alleged *Brady* violation by failing to disclose the recorded testimony of the victim's six-year old son, Cijae Lopez. Doc. 1 at 6. Petitioner states the recorded testimony "would of shown that Mr. Lopez was with the Petitioner miles away from any crime of murder" and "would have revealed 'No blood, No fighting, and No gunshots' was seen or heard in his presence when the victim met with the Petitioner[,] [e]stablishing that Petitioner did not commit the crime." *Id.* at 8.

This evidence is not new because assuming Petitioner's assertion is true that Lopez was with him at the time of the crime, Petitioner would have had personal knowledge of what Lopez witnessed before trial commenced. Further demonstrating Petitioner's awareness of this evidence, he raised this exact claim in multiple filings within the AEDPA one-year period. Accordingly, because Petitioner asserts that Lopez

was with him at the time of the crime, and because Petitioner was aware of this allegedly new evidence within the AEDPA limitations period, the testimony of Lopez is not newly discovered evidence which would excuse the untimeliness of Petitioner's instant habeas petition filed on July 30, 2013. *See Blanco v. State,* 702 So. 2d 1250, 1252 (Fla.1997) (holding that to qualify as newly discovered evidence, "the asserted facts must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence"); *Bruno v. Tucker*, 2012 WL 5307931 (N.D. Fla. 2012) *report and recommendation adopted,* 2012 WL 5306265 (N.D. Fla. 2012) (explaining evidence was not newly discovered when it was "obviously known to [Petitioner] at the time he entered his plea").

## Petitioner is Not Entitled to Equitable Tolling

Moreover, Petitioner is not entitled to equitable tolling. "The petitioner has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filling the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002) (quoting *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000)); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace,* 544 U.S. at 418). Petitioner raised the same *Brady* claim that he attempts to assert in his untimely habeas petition in his Rule 3.600 Motion for New Trial, filed on December 4, 2007. Doc. 7-1 at 49. There Petitioner stated: "Prosecutor Ms. Robin Lotane, Not only committed Prosecutor Misconduct and "Fraud" Upon the Court. Ms. Lotane, Further

Committed a "*Brady* Violation" When They . . . Intentionally Withheld a Audio-Taped Alibi and Defense Witness Statement of Cijae Lopez, Victim's Son Recorded by Tallahassee Police Homicide Investigators on 2-11-03."  *Id.* at 51.  After his Rule 3.600 motion was dismissed as untimely, Petitioner appealed this *Brady* claim in his initial brief to the First DCA on March 10, 2008 (*Id.* at 85) and in his reply brief to the First DCA on May 30, 2008 (*Id.* at 110-11).  Thus, Petitioner asserted this alleged *Brady* claim three separate times before the AEDPA statue of limitations period expired on October 1, 2008.  At the time he first presented this claim in his Rule 3.600 motion in December 2007, Petitioner had more than nine months remaining of the one-year AEDPA limitations period*.*

    As Petitioner was clearly aware of the alleged *Brady* claim within the AEDPA limitations period, he could have filed a timely 3.850 motion in the state court, which would have tolled the AEDPA limitations period.  The order denying Petitioner's 3.600 motion even advised: "This order does not limit Defendant's ability to timely file a 3.850 motion." Doc. 7-1 at 64.  Alternatively, Petitioner could have brought his federal habeas petition during the one-year limitations period, at which time he knew of the alleged violation.  Because Petitioner was aware of the *Brady* claim within the relevant time period yet failed to take actions available to him, it is clear that nothing prevented Petitioner from filing the instant habeas petition on time, much less extraordinary circumstances both beyond his control and unavoidable with diligence.  Accordingly, Petitioner is not entitled to equitable tolling.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Respondent's motion to dismiss, Doc. 7, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

IN CHAMBERS  this 4th day of August 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 4:13-cv-425-MW-GRJ*

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 4:13-cv-425-MW-GRJ*