# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

VICTOR PARKER,

    Petitioner,

v.                                            CASE NO. 4:13cv425-RH/GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## ORDER DENYING THE PETITION AND
## DENYING A CERTIFICATE OF APPEALABILITY

By a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Victor Parker challenges his Florida state-court conviction and sentence. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 9, and the objections, ECF No. 10. I have reviewed *de novo* the issues raised by the objections.

The report and recommendation concludes that the petition was filed after expiration of the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). That is correct. As correctly set out in the report and recommendation, the relevant

dates are these.  The Florida First District Court of Appeal issued its order affirming the conviction and sentence on June 15, 2007.  The court issued its mandate on July 3, 2007.  The Florida Supreme Court denied review on August 3, 2007.  Mr. Parker did not file a petition for a writ of certiorari in the United States Supreme Court.

The one-year limitations period for filing a § 2254 petition began to run on the deadline for filing a petition for a writ of certiorari in the United States Supreme Court.  At the latest, this was 90 days after the Florida Supreme Court denied review—that is, November 1, 2007.  The limitations period expired on November 1, 2008.  Mr. Parker did not file a petition by that date.  So the instant petition is untimely.

To be sure, the limitations period for filing a § 2254 petition is tolled while a "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This does not help Mr. Parker because the only state-court application he filed before November 1, 2008, that could qualify for tolling—a December 4, 2007, motion under Florida Rule of Criminal Procedure 3.600—was filed after the deadline for filing such a motion and was denied on that basis.  An untimely state-court application does not toll the federal limitations period.  *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

The report and recommendation correctly rejects Mr. Parker's other arguments for avoiding the statute of limitations.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

    1. The report and recommendation is ACCEPTED.

    2. The clerk must enter judgment stating, "The petition is DENIED with prejudice."

    3. A certificate of appealability is DENIED.

    4. The clerk must close the file.

SO ORDERED on September 8, 2014.

                            s/Robert L. Hinkle
                            United States District Judge